IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CLAUDE A. JONES,                )
                                )
          Petitioner,           )
                                )
v.                              )     Civil Action No. 04-119-SLR
                                )
THOMAS CARROLL,                 )
Warden, and M. JANE             )
BRADY, Attorney General         )
of the State of                 )
Delaware,                       )
                                )
          Respondents.          )

_____

Claude A. Jones.   Pro se petitioner.

Loren C. Meyers, Chief of Appeals Division, Delaware Department
of Justice, Wilmington, Delaware.   Counsel for respondents.

_____

**MEMORANDUM OPINION**

September 19, 2005
Wilmington, Delaware

**ROBINSON,** Chief Judge

## I.  INTRODUCTION

Presently before the court is petitioner Claude A. Jones'
("petitioner") application for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  (D.I. 2)  Petitioner is a Delaware inmate
in custody at the Delaware Correctional Institution in Smyrna,
Delaware.  For the reasons that follow, the court will dismiss
his application.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In October 1999, petitioner was in the cookie aisle of a
supermarket, accompanied by a young girl who later proved to be
his daughter.  A store employee observed the girl removing items
from the shelves and placing them in her backpack.  The employee
approached petitioner and asked that he return the items to the
shelves.  Petitioner cursed at the employee and, claiming to have
a gun, made a movement with his hand.  He and his daughter
quickly left the store.  Jones v. State, 803 A.2d 428 (Table),
2002 WL 1522941, at *1 (Del. July 10, 2002).

Two other employees pursued petitioner into the parking lot
and ordered him to stop.  He cursed at them, threatened to shoot
them, and partially withdrew an object from his pocket that one
employee described as a "dark, bluish" revolver, and the other
employee described as a "brown object."  Both employees stopped
pursuing petitioner, and petitioner and his daughter fled in a

1

car driven by a third individual.  One of the employees wrote
down the license plate number and turned it over to the police.
Further investigation led to petitioner's arrest.  Id.; (D.I. 11
at ¶2).

In November 1999, a grand jury indicted petitioner on three
counts of first degree robbery (one count for each of the three
store employees he had threatened) and one count of possession of
a firearm during the commission of a felony.  During his jury
trial in the Delaware Superior Court, petitioner did not deny
that he was in the store at the time of the incident, but he
claimed that he never threatened anyone and he never displayed a
weapon.  At the end of the trial, the Superior Court judge
granted petitioner's motion to dismiss the two robbery counts
involving the two employees in the store parking lot because
those counts alleged use of force to overcome "resistance to the
taking of the property" rather than the use of force for "the
retention thereof immediately after the taking."  (D.I. 11)
However, the Superior Court judge refused to dismiss the robbery
count involving the store incident, because that count alleged
that petitioner, "in the course of committing theft did
thereafter use force upon [the store employee] and . . . in
immediate flight therefrom, he displayed what appeared to be a
gun, a deadly weapon."  Jones, 2002 WL 1522941, at *1.  The judge
also refused to deliver a lesser included offense instruction as

2

to the remaining robbery count.

The jury convicted petitioner of one count of first degree robbery and one count of possession of a firearm during the commission of a felony.  In September 2000, the Superior Court sentenced him to 25 years imprisonment, suspended after 8 years for 17 years probation.

Petitioner's attorney did not file an appeal.  Instead, in November 2000, his attorney filed a motion pursuant to Delaware Superior Court Criminal Rule 35(a) to correct sentence, which the Superior Court denied on November 8, 2001.  Petitioner's attorney appealed, arguing that the evidence was insufficient to support the weapons and robbery convictions.

On April 5, 2002, while the Rule 35(a) appeal was pending, petitioner filed a pro se motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61.  This motion alleged that petitioner's attorney had provided ineffective assistance by failing to file a direct appeal of his sentence, despite petitioner's request that he do so.

On April 15, 2002 the Superior Court held an office conference with petitioner's attorney.  As a result of the conference, the Superior Court vacated its November 8, 2001 order denying the Rule 35(a) motion and granted the Rule 35(a) motion. On April 16, 2002, the Superior Court vacated petitioner's September 29, 2000 sentence and reinstated the sentence in order

3

to give petitioner an opportunity to appeal.  (D.I. 13, App. to Appellant's Op. Br. in No. 665,2002, Exh. A: Del. Super. Ct. Crim. Dkt. Nos. 26-28)

On April 25, 2002, petitioner's counsel filed an appellate brief.  (D.I. 13, Appellant's Op. Br. in No. 622,2001)  He argued that the Superior Court should have dismissed the remaining robbery count because it suffered from the same deficiency as the other two robbery counts that were dismissed, namely, it charged petitioner "with intent to prevent or overcome resistance to the taking of property" rather than "the retention thereof immediately after the taking."  (D.I. 13, Appellant's Op. Br. in Jones v. State, No.622,2001, at 10)

On May 22, 2002, the Superior Court denied without prejudice petitioner's pro se Rule 61 motion, finding that it did not have jurisdiction to consider the motion because petitioner's case was on appeal in the Delaware Supreme Court.  (D.I. 13, App. to Appellant's Op. Br. in No. 665,2002, at A-11)

On July 10, 2002, the Delaware Supreme Court affirmed petitioner's conviction and sentence.  The state supreme court held that the testimony of the two store employees who pursued petitioner into the parking lot provided sufficient evidence in describing the gun to prove the weapon element of first degree robbery with respect to petitioner's actions in the store. Jones, 2002 WL 1522941, at *1.

4

In September 2002, petitioner filed another pro se Rule 61
motion, this time alleging: (1) ineffective assistance of counsel
during his trial and on direct appeal, as well as ineffective
assistance for failing to file a timely notice of appeal in the
first place; and (2) the Delaware Superior Court or the Delaware
Supreme Court lacked jurisdiction to consider his direct appeal
and issue the order dated July 10, 2002, thus, the whole
appellate proceeding was not the result of a logical and orderly
deductive process.  (D.I. 13, Appellant's Op. Br. in Jones v.
State, No. 665,2002)  The Superior Court treated the second Rule
61 motion as if it was petitioner's first one, and denied it as
meritless.  (D.I. 13, Appellant's Op. Br. in No. 665,2002, Exh.:
Letter Order, I.D. No. 9910022380 (Del. Super. Ct. Nov. 7,
2002)).  Petitioner appealed, arguing that: (1) the Superior
Court lacked jurisdiction to vacate and reinstate his sentence;
(2) his counsel provided ineffective assistance by failing to
file a timely direct appeal; and (3) there was insufficient
evidence introduced at trial to support his convictions.  Jones
v. State, 825 A.2d 238 (Table), 2003 WL 21254621, at *1 (Del. May
30, 2003).  The Delaware Supreme Court rejected these arguments
and affirmed the Superior Court's decision.  Id.

Thereafter, petitioner filed the habeas application
currently before the court.  His application essentially asserts

three claims[1] for relief: (1) the Superior Court lacked
jurisdiction to vacate and reinstate his September 2001 sentence,
thereby violating his right to due process; (2) his counsel
provided ineffective assistance by failing to file a timely
direct appeal, and by continuing to represent petitioner during
his appeal despite the fact that counsel's failure to file a
timely appeal created a "conflict of interest"; and (3) there was
insufficient evidence to sustain his first degree robbery
conviction.  (D.I. 2)

The State filed an answer, asking the court to dismiss the
entire application, to which petitioner filed a response.  (D.I.
11; D.I. 14)

Petitioner's habeas application is ready for review.

## III.  GOVERNING LEGAL PRINCIPLES

### A.  The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution
of state and federal criminal sentences . . . and to further the
principles of comity, finality, and federalism."  Woodford v.
Garceau, 538 U.S. 202, 206 (2003)(internal citations and

---

[1]Petitioner's application actually contains four separate
claims, two of which allege ineffective assistance of counsel.
For ease of analysis, the court has combined the two ineffective
assistance issues into one claim, but will still address both
issues.

quotation marks omitted).  Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002);  see Woodford, 538 U.S. at 206.

### B.  Exhaustion and Procedural Default

Before seeking habeas relief from a federal court, a petitioner in custody pursuant to a state court judgment must exhaust all remedies available in the state courts.  As stated in AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional

7

challenges to state convictions.  Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding.  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997)(citations omitted);  Coverdale v. Snyder, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).  Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

If a petitioner presents unexhausted habeas claims to a federal court, but further state court review is procedurally barred, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000);  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991);  Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51.;  Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Id. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000);  Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001).  The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496.

9

Actual innocence means factual innocence, not legal
insufficiency, <u>Bousley v. United States</u>, 523 U.S. 614, 623
(1998), and is established if no reasonable juror would have
voted to find the petitioner guilty beyond a reasonable doubt.
<u>Sweger v. Chesney</u>, 294 F.3d 506, 522-24 (3d Cir. 2002).

## C.  Standard of Review Under AEDPA

Once a federal court determines that a claim is exhausted,
it must next determine the appropriate standard for reviewing the
habeas claim.  If the highest state court adjudicated the federal
habeas claim on the merits, then the federal habeas court can
only grant habeas relief when the state court's adjudication of
the claim:

> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); <u>Williams v. Taylor</u>, 529 U.S. 362,
412 (2000); <u>Appel v. Horn</u>, 250 F.3d 203, 210 (3d Cir. 2001).  A
state court has adjudicated a claim on the merits for the
purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision
finally resolv[es] the parties' claims, with res judicata effect,
[and] is based on the substance of the claim advanced, rather
than on a procedural, or other ground."  <u>Rompilla v. Horn</u>, 355
F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), <u>rev'd</u>

on other grounds by Rompilla v. Beard, - U.S. -, 125 S. Ct. 2456
(2005).

AEDPA also requires a federal court to presume that a state
court's determinations of factual issues are correct.  28 U.S.C.
§ 2254(e)(1).  A petitioner can only rebut this presumption of
correctness by clear and convincing evidence.  28 U.S.C. §
2254(e)(1); Miller-El v. Cockrell, 537 U.S. 322, 341
(2003)(stating that the clear and convincing standard in §
2254(e)(1) applies to factual issues, whereas the unreasonable
application standard of § 2254(d)(2) applies to factual
decisions).  This presumption of correctness applies to both
explicit and implicit findings of fact.  Campbell v. Vaughn, 209
F.3d 280, 286 (3d Cir. 2000).

## IV. DISCUSSION

### A. Jurisdiction claim

Petitioner's first claim contends that the Superior Court
did not have jurisdiction to issue its April 2002 order vacating
and reinstating his September 2000 sentence.  Petitioner
exhausted state remedies for this claim by presenting it to the
Delaware Supreme Court in his post-conviction appeal.  See Jones,
2003 WL 21254621, at *1 (Del. May 30, 2003).

It is well-settled that claims asserting a violation of a
state law, or challenging a state court's interpretation of state
law, are not cognizable on federal habeas review.  Estelle v.

11

McGuire, 502 U.S. 62, 67-8 (1991);   Smith v. Phillips, 455 U.S.
209, 211 (1982);   Mullaney v. Wilbur, 421 U.S. 684, 691 (1975);
Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997)("it is
well established that a state court's misapplication of its own
law does not generally raise a constitutional claim").   Here,
whether the Delaware Superior Court had jurisdiction to vacate
its prior order denying petitioner's Rule 35(a) motion, and
thereafter vacate his sentence and reinstate it to permit the
timely filing of a direct appeal, is a matter of Delaware state
law.[2]   See Lambert v. Blackwell, 2003 WL 1718511, at 20 n.21
(E.D. Pa. Apr. 1, 2003), aff'd, 387 F.3d 210 (3d Cir. 2004),
petition for cert. filed, No. 04-8536 (Feb. 3, 2005);   U.S. ex
rel. Roche v. Scully, 739 F.2d 739, 741 (2d Cir. 1984)(stating
that "no federal court to our knowledge has ever granted a writ
where a state court's asserted lack of jurisdiction resulted
solely from the provisions of state law.");   Wills v. Egeler, 532

---

[2]For example, in Webb v. State, the Delaware Supreme Court
held that, a defendant who files a post-conviction motion during
the pendency of his appeal cannot complain if the Superior Court
acts on that motion.   Webb v. State, 794 A.2d 601 (Table), 2002
WL 480939 (Del. Mar. 22, 2002).   In petitioner's post-conviction
appeal, the Delaware Supreme Court cited Webb when it rejected
his jurisdictional claim, holding that:
> Jones himself filed the motion for postconviction relief
> that resulted in the Superior Court's vacation and
> reinstatement of his sentence, which permitted the timely
> filing of a direct appeal.   He may not now complain that it
> was improper for the Superior Court to act on his motion.
Jones, 2003 WL 21254621, at *1.

F.2d 1058, 1059 (6th Cir. 1976)(holding that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."); Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998).  Thus, the court will dismiss this claim because it is not cognizable on federal habeas review.[3]

### B.   Ineffective assistance of counsel

Petitioner next contends that his counsel provided ineffective assistance by failing to file a timely direct appeal. Petitioner presented this claim to the Delaware Supreme Court in his post-conviction appeal.  The Delaware Supreme Court analyzed the claim under Strickland v. Washington, 466 U.S. 668 (1984), and affirmed the Superior Court's decision that petitioner was not prejudiced by counsel's failure because the Superior Court had reinstated his right to appeal.  Jones, 2003 WL 21254621, at*1.  Thus, the court must apply the deferential standard of review provided by § 2254(d)(1) to determine if this claim entitles petitioner to federal habeas relief.

Federal habeas relief is only warranted under § 2254(d)(1) if the state court's adjudication of the claim is either contrary

---

[3]Alternatively, the claim is dismissed because it simply attacks the state post-conviction procedure, which also does not state a claim cognizable on federal habeas review.  See Gattis v. Snyder, 46 F.Supp. 2d 344, 384 (D. Del. 1999); Dawson v. Snyder, 988 F.Supp. 783, 825 (D. Del. 1997).

to, or an unreasonable application of, clearly established
Federal law as determined by the United States Supreme Court.   28
U.S.C. § 2254(d)(1).  In the instant situation, the governing
Supreme Court precedent is provided by <u>Strickland v. Washington</u>,
466 U.S. 668 (1984).  To prevail on a claim of ineffective
assistance of counsel, the petitioner must demonstrate both that:
1) counsel's performance fell below an objective standard of
reasonableness; and 2) counsel's deficient performance actually
prejudiced the petitioner's case; in other words, there is a
reasonable probability that, but for counsel's faulty
performance, the outcome of the proceedings would have been
different.  <u>Strickland</u>, 466 U.S. at 687-88, 692-94;  <u>Marshall v.
Hendricks</u>, 307 F.3d 36, 85 (3d Cir. 2002).

 The Delaware Supreme Court correctly identified <u>Strickland</u>
as the proper standard, and analyzed petitioner's claim within
its framework.  Thus, the state court's decision is not contrary
to clearly established Federal law.  <u>See</u> <u>Williams</u>, 529 U.S. at
406

 The Delaware Supreme Court also did not unreasonably apply
<u>Strickland</u> in finding that petitioner did not demonstrate the
requisite prejudice.  When an attorney fails to file a direct
appeal, the appropriate relief is for the trial court to
reinstate the defendant's sentence so that he can perfect an
appeal.  <u>Rodriquez v. U.S.</u>, 395 U.S. 327 (1969);  <u>see</u>, <u>e.g.</u>,

14

Lewis v. Johnson, 359 F.3d 646, 662 (3d Cir. 2004)(after finding
that petitioner's counsel had been ineffective for failing to
file a direct appeal, the Third Circuit remanded the matter to
the district court "with instructions that it issue a writ of
habeas corpus conditioned upon the Commonwealth's reinstatement
of Lewis' right of first appeal").  In the instant situation, the
Superior Court reinstated petitioner's sentence to give
petitioner an opportunity to appeal.  Petitioner appealed, and
the Delaware Supreme Court reviewed his claims.  Thus, petitioner
was not prejudiced as a result of counsel's failure, and the
instant claim does not warrant relief under § 2254(d)(1).[4]

Petitioner also contends that his trial counsel "labored
under" a conflict of interest during the appeal due to his
attorney's failure to file a timely appeal, and therefore, he
failed to represent petitioner effectively.  (D.I. 14, at 5)
Although petitioner raised this claim in his Rule 61 motion to
the Superior Court, he did not present it to the Delaware Supreme
Court in his post-conviction appeal.  Consequently, he has not
exhausted state remedies.

---

[4]Additionally, because petitioner's appeal rights were
reinstated, there is no further habeas relief that could be
awarded.  See, e.g., Braxton v. Redman, Civ. Act. No. 84-412-MMS
(D. Del. Mar 7, 1985)(denying relief for petitioner's ineffective
assistance of counsel claim because the Delaware Supreme Court
had reinstated petitioner's right to timely appeal, thus, he had
already "received the only remedy appropriate in light of the
violation alleged").

However, the court will excuse petitioner's failure to
exhaust state remedies and treat the claim as exhausted because
state procedural rules would prevent him from pursuing further
state court relief.[5]  Although deemed exhausted, this claim is
still procedurally defaulted, and the court cannot review the
claim absent a showing of cause and prejudice, or a miscarriage
of justice.

Here, petitioner states that "the state court clearly and
expressly relied on untimeliness in rejecting his claim in state
court, and therefore denies that the alleged procedural default
is independent."  (D.I. 14, at 6.)  To the extent this statement
is petitioner's attempt to demonstrate cause, it fails, because
it does not show that an external impediment prevented him from
presenting this claim in his post-conviction appeal.[6]  See Murray
v. Carrier, 477 U.S. 478, 492 (1986).  His failure to demonstrate

---

[5]First, petitioner cannot now return to the Delaware Supreme
Court and raise this issue on appeal because it would be
dismissed as untimely.  See, e.g., Webb v. Carroll, 2003 WL
22299036, at *7 (D. Del. Oct. 6, 2003); Kendall v. Attorney
General of Delaware, 2002 WL 531221, at *3-4 (D. Del. Mar. 26,
2002).  Second, he cannot present this issue again to the
Superior Court in order to appeal from the ensuing decision
because state law would preclude reconsideration of the claim as
formerly adjudicated under Rule 61(i)(4).  See Wonnum v. Kearney,
2001 WL 173799, at *2 (D. Del. Feb. 15, 2001).

[6]The court notes that the Superior Court did not deny
petitioner's Rule 61 motion as being time-barred.  Thus, it is
unclear whether this statement actually refers to the instant
procedural default.

cause obviates the court's need to address the issue of prejudice.  See Smith v. Murray, 477 U.S. 527, 533 (1986). Further, because petitioner has not alleged that he is actually innocent, or presented any colorable evidence of his actual innocence, he has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. Murray, 477 U.S. at 496 (to establish a miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent"); Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002)(a petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt); Bousley v. United States, 523 U.S. 614, 623 (1998)(actual innocence means factual innocence, not legal insufficiency).

Accordingly, federal habeas review of petitioner's "conflict of interest"/ineffective assistance of counsel claim is unavailable.

**C.  Insufficient evidence**

Petitioner's final claim alleges that the evidence introduced at trial was insufficient to convict him of first degree robbery and possession of a firearm during the commission of a felony.  Petitioner exhausted state remedies for this claim by presenting it to the Delaware Supreme Court in his direct

17

appeal and in his post-conviction appeal.   On direct appeal, the
Delaware Supreme Court rejected the claim as meritless.[7]   Thus,
the court must apply the deferential standard of review provided
by § 2254(d)(1) to determine if this claim entitles petitioner to
federal habeas relief.

In the instant situation, the governing Supreme Court
precedent is provided by Jackson v. Virginia, 443 U.S. 307
(1979).   Pursuant to Jackson, "the relevant question is whether,
after viewing the evidence in the light most favorable to the
prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."   443
U.S. at 319 (citations omitted).   The jury's role is to weigh the
evidence, and the court must defer to the jury's resolution of
conflicts in evidence.   See id. at 326 (holding any argument
relating to the credibility of the government's witnesses is
irrelevant to a determination of the sufficiency of the
evidence).   When a court applies this standard, it must be "with
explicit reference to the substantive elements of the criminal
offense as defined by state law."   Jackson, 443 U.S. at 324 n.16;
Jordan v. Snyder, Civ. Act. No. 97-385-SLR, Mem. Op. at 10 (D.
Del. Jan. 5, 2000).   Further, "a federal habeas court faced with
a record of historical facts that supports conflicting inferences

_____

[7]In his post-conviction appeal, the Delaware Supreme Court
denied the claim as formerly adjudicated under Rule 61(i)(4).
Jones, 2003 WL 21254621, at *1.

must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.

Here, petitioner does not contend that the Delaware Supreme Court applied an incorrect standard in reviewing his insufficient evidence claim, only that the state court unreasonably applied the Jackson standard.  (D.I. 14, at ¶ 2)  Therefore, the court will limit its § 2254(d)(1) inquiry accordingly.

### 1.  First degree robbery conviction

During petitioner's trial, the in-store employee testified she was walking down the cookie aisle and saw a man and a little girl, and the girl was putting items into a backpack.  The employee told the man to remove the items from the backpack, and the trial transcript contains the following testimony regarding the ensuing events:

> A: [H]e got very hostile to me.  He kept saying, fuck you, get of my way, fuck you.  And then he said that he had a gun, and that is when I backed away . . .
>
> Q: And do you recall specifically what the perpetrator of this act, what he told you as far as specifically shooting you or having a gun, if you can recall?
>
> A: He just told me to – he said, you bitch, fuck off.  He kept saying – he was very hostile . . . And when he said gun, he like sort of put his hand, and then I backed away and just started moving.
>
> Q: What did you think when he said that?
>
> A: Well, I thought that he had a gun.

19

. . .

Q: Did you ever see a gun?

A: No, I didn't.

Q: Did he ever display to you anything that looked like a gun?

A: No.  He just started putting his hand in his pocket, and that's when I backed away.

(D.I. 13, App. to Appellant's Op. Br. in Jones v. State, No. 622,2001, at A16-17, 18, 52).

The jury convicted petitioner of first degree robbery as defined in 11 Del. C. Ann. § 832 (1999), which provides, in relevant part:[8]

A person is guilty of robbery in the first degree when the person commits the crime of robbery in the second degree[9] and when, in the course of the commission of the

_____

[8]The current version of 11 Del. C. Ann. § 832(a)(2)(2003) includes the following additional language: "or represents by word or conduct that the person is in possession or control of a deadly weapon."  The new language was added to provide statutory clarification of well-settled judicial precedent that the "displays" requirement is satisfied upon a showing that the victim had a subjective belief that the defendant had a weapon, and this belief was based on some objective manifestation of a weapon.  See State v. Smith, 2004 WL 1551513, at **4-6 (Del. Super. Ct. June 28, 2004); see also Walton v. State, 821 A.2d 871, 874 (Del. 2003).  The statutory change has no effect the court's analysis of petitioner's claim.

[9]Second degree robbery is defined in 11 Del. C. Ann. § 831 (1999) as follows:
(a)  A person is guilty of robbery in the second degree when, in the course of committing theft, the person uses or threatens the immediate use of force upon another person with intent to:
(1) Prevent or overcome resistance to the taking of the property or to the retention thereof immediately after

crime or of immediate flight therefrom, the person or another participant in the crime:

(2) Displays what appears to be a deadly weapon; or

(3) Is armed with and uses or threatens the use of a dangerous instrument.

In short, pursuant to Delaware law, the jury could only have found petitioner guilty of first degree robbery with respect to his actions in the store if the prosecution established beyond a reasonable doubt that petitioner: (1) committed theft; (2) threatened the immediate use of force upon the in-store employee; (3) intended to prevent or overcome the employee's resistance to the taking of property; and (4) in the course of the commission of the crime or immediate flight therefrom, petitioner displayed what appeared to be a deadly weapon.

Reviewing the in-store employee's testimony with respect to the aforementioned elements, the court concludes that the Delaware Supreme Court did not unreasonably apply <u>Jackson</u> in affirming petitioner's conviction for first degree robbery. First, the employee witnessed the taking of property (cookies or crackers) and the placement of such property in a backpack.  It

---

the taking; or
(2) Compel the owner of the property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.
(b) In addition to its ordinary meaning, the phrase "in the course of committing theft" includes any act which occurs in an attempt to commit theft or in immediate flight after the attempt or commission of the theft.

was reasonable for the jury to infer that by removing these items from the store shelves and placing them in a personal backpack, petitioner intended to permanently deprive the store of the items, which satisfies the "commission of theft" requirement. See 11 Del. C. Ann. § 841(a).

Second, the jury could infer from the testimony that petitioner's reference to a gun was intended to threaten his use of force upon the employee and that he made this statement in an effort to overcome her resistance to the taking of the cookies or crackers.  Although petitioner testified that he did not have a gun, the jury's verdict indicates that it resolved this "possession" dispute in the prosecution's favor.  Under Jackson, the court must defer to that resolution.

Finally, despite petitioner's argument to the contrary, the employee's testimony established the "displays a deadly weapon" element of first degree burglary.  "In construing Section 832, the [Delaware Supreme] Court has held that 'display' includes not only the notion of spreading before view or exhibiting to the sight, but also that which is manifested by any of the victim's senses."  DeShields v. State, 544 A.2d 265 (Table), 1988 WL 71442, at *1 (Del. June 28, 1988).  In other words, the "display" requirement is satisfied if the victim subjectively believed that the defendant possessed a deadly weapon, and this subjective belief was based on "some objective manifestation of a weapon,

22

even if the weapon was unseen." State v. Smith, 2004 WL 1551513, at *4 (Del. Super. Ct. June 28, 2004).  The "objective manifestation" requirement can be satisfied where the defendant alleges "to have a weapon while concealing his or her hand under a piece of clothing," Id., or where the defendant threatens to "blow [the victims'] heads off and reache[s] into his coat pocket as if he were reaching for a gun." DeShields, 1988 WL 71442, at *1.

Here, the in-store employee's testimony was sufficient to establish her subjective belief that petitioner had a deadly weapon, and, considering petitioner's reference to a gun, the movement of his hand into his pocket provided an objective manifestation of a weapon.  Thus, viewing the evidence in the light most favorable to the prosecution, the court concludes that jury could have found the essential elements of first degree robbery beyond a reasonable doubt.

Accordingly, because the Delaware Supreme Court did not unreasonably apply Jackson in finding sufficient evidence to support petitioner's first degree robbery conviction, this claim does not warrant relief under § 2254(d)(1).

2.  Weapons conviction

The jury convicted petitioner of possession of a firearm during the commission of a felony under 11 Del. C. Ann. § 1447A. In order "to secure a conviction pursuant to Section 1447, the

23

State is required to establish that at the time [the defendant] was engaged in the designated predicate felony [he] had a deadly weapon physically available or accessible to him." <u>Barnett v. State</u>, 691 A.2d 614, 617 (Del. 1997).  A person can be found guilty of a weapons offense under § 1447A even if the weapon is not used during the commission of the felony.  <u>Poli v. State</u>, 418 A.2d 985, 987 (Del. 1980).

Here, during petitioner's trial, one of the employees who pursued petitioner out into the parking lot testified that petitioner said he had a gun, threatened to shoot the employee, and then reached into his pocket and produced what the employee believed to be a revolver.  (D.I. 13, App. to Appellant's Op. Br. in <u>Jones v. State</u>, No. 622,2001, at A-27)  This testimony provided sufficient evidence that petitioner possessed a gun while he was in the parking lot.  Considering that petitioner had been pursued directly from the store into the parking lot, the jury could reasonably infer that petitioner had possessed the revolver when he confronted the employee in the store.  Further, given the fact that petitioner pulled the gun from his pocket, and that he had motioned to his pocket when he was in the store, the jury could also reasonably infer that the gun was physically available and accessible to him during the in-store robbery.

In short, viewing all the testimony in the light most favorable to the prosecution, the court concludes that the

24

Delaware Supreme Court did not unreasonably apply <u>Jackson</u> in
finding sufficient evidence to sustain petitioner's weapons
conviction.  Thus, this claim does not warrant habeas relief
under § 2254(d)(1).

## V.   CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a
certificate of appealabilty.  <u>See</u> Third Circuit Local Appellate
Rule 22.2.  The court may issue a certificate of appealability
only when a petitioner makes a "substantial showing of the denial
of a constitutional right."  28 U.S.C. § 2253(c)(2).  This
showing is satisfied when the petitioner demonstrates "that
reasonable jurists would find the district court's assessment of
the denial of a constitutional claims debatable or wrong."  <u>Slack
v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on
procedural grounds without reaching the underlying constitutional
claim, the prisoner must demonstrate that jurists of reason would
find it debatable: (1) whether the petition states a valid claim
of the denial of a constitutional right; and (2) whether the
court was correct in its procedural ruling.  <u>Slack</u>, 529 U.S. at
484.

For the reasons stated above, the court concludes that
petitioner is not entitled to federal habeas relief for any of
his claims.  Reasonable jurists would not find these conclusions

unreasonable.   Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI.  CONCLUSION

For the foregoing reasons, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 will be denied.

An appropriate order will be entered.